ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:20-cv-02478 |
| v. | § § | |
| DELMA JEFFERSON, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### INTRODUCTION

This is an action brought by a disability insurance company, Atlantic Specialty Insurance Company ("Atlantic") against its insured, Delma Lamar Jefferson ("Jefferson"). In this action, Atlantic is seeking a declaration of the parties' rights and obligations under a policy covering Jefferson's disability arising out of an accident in San Francisco, California.

The policy was placed to cover Jefferson's activities as an Uber driver in San Francisco. In 2018, at the time of placing of coverage, Jefferson was a resident of Northern California, and remains a resident there to this date.

In a recent motion for substituted service, Atlantic offered via declaration a number of factors, all of which conceded that Jefferson's residence was at 5200 Quick Court, Elk Grove,

California[1]. That is correct, and for that reason, as well as the fact that none of the transactions or activities associated with this case have anything to do with Texas, this Court should dismiss this case for lack of personal jurisdiction.

## FACTS

This case arises out of an Occupational Accident Certificate of Insurance insured by Atlantic. See Complaint For Declaratory Judgment, filed herein on August 21, 2020.

Jefferson purchased the policy in 2018. See Declaration of Delma Lamar Jefferson In Support of Motion To Dismiss For Lack of Personal Jurisdiction, filed and served concurrently herewith (hereinafter "Jefferson Decl."), at ¶ 2. At the time of purchase, Jefferson was a resident of Northern California. Id. Jefferson continued to live there continuously from 2017 through the present. Jefferson Decl., ¶ 3.

The policy covered any disability of Jefferson that arose from his activities as an Uber driver. Jefferson Decl., ¶ 3. All of those activities occurred in San Francisco or in Northern California. Id. On or about June 28, 2018, Jefferson was in an accident in San Francisco which caused his disability, necessitating a claim under the policy. Id. at ¶ 5.

Jefferson does not live in Texas, and has maintained no systematic contacts with Texas that would give rise to jurisdiction in this state. Jefferson Decl., ¶ 4. While Jefferson grew up in Texas when he was a boy, and his mother still lives here, he moved out and has been a resident of California during the entire time relevant to this action. Jefferson Decl., ¶ 6. For a brief period after his accident, he moved in with his mother to convalesce, but does not live there. Jefferson

---

[1] Judicial Notice is requested of the moving papers, Affidavit, and attached exhibits filed in Plaintiff's Motion for Substituted Service on Defendant Delma Jefferson, filed in this Court on or about December 30, 2020.

Decl., ¶ 6. He maintains no employment in Texas, no residence in Texas, and the contract and events giving rise to this action occurred entirely in California. Jefferson Decl., ¶ 7.

For these reasons, Jefferson believes that there is no personal jurisdiction over him not sufficient "minimum contacts" arising from this case that should subject him to jurisdiction in Texas. Jefferson Decl., ¶ 8. Therefore, he requests that this Court dismiss this case for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2). Id.

## ANALYSIS

A. This Court Does Not Have Personal Jurisdiction Over Defendant Jefferson.

1. Legal Standards Governing Personal Jurisdiction.

A federal court may exercise personal jurisdiction over a non-resident defendant only to the extent of its powers under the due process clause of the United States Constitution. See Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945). Due process permits the exercise of personal jurisdiction only where a traditional basis for exercising jurisdiction exists or if the defendant has sufficient "minimum contacts" with the forum state, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" See id. (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of "mak[ing] a prima facie showing that personal jurisdiction is proper." Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 431 (5th Cir. 2014) (citing Luv N' Care, Ltd. v. Insta–Mix, Inc., 438 F.3d

465, 469 (5th Cir. 2006)). The Court "must accept the plaintiff's uncontroverted allegations, and resolve in [its] favor all conflicts between the facts contained in the parties' affidavits and other documentation." Monkton, 768 F.3d at 431 (quoting Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002)). In reviewing a motion to dismiss for lack of personal jurisdiction, the Court "may consider 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" Revell, 317 F.3d at 469 (quoting Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985)).

The Court has the power to exercise personal jurisdiction over a defendant only if the following conditions are satisfied: "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." In re Chinese–Manufactured Drywall Prods. Liab. Litig., 753 F.3d 521, 535 (5th Cir. 2014) (quoting Ainsworth v. Moffett Eng'g, Ltd., 716 F.3d 174, 177 (5th Cir. 2013)).

There are two categories of personal jurisdiction, general and specific. Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014). General jurisdiction exists when a party's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 2846, 2851 (2011) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). For the Court to exercise specific jurisdiction over a nonresident who has not consented to suit in the forum, the nonresident must have contacts with the forum state that "arise from or are directly related to the cause of action." Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d 291, 295 (5th Cir. 1999) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).

Plaintiff, as the party seeking to invoke the Court's power, bears the burden of establishing the Court's jurisdiction over Defendant. See Pervasive Software Inc. v. Lexware GmbH & Co. KG, 688 F.3d 214, 219 (5th Cir. 2012) (citing cases).

In deciding the motion, a court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Quick Techs., Inc. v. Sage Grp. PLC, 313 F.3d 338, 344 (5th Cir. 2002) (citing Thompson, 755 F.2d at 1165).

Analysis

Here, Jefferson moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and for improper venue under Rule 12(b)(3).

Here, the Court lacks general jurisdiction over Defendant Jefferson, who is a resident of the state of California.

Thus, the only question is whether the Court has specific jurisdiction over Defendant relating to the events in this case. In deciding that question, the Court focuses on "the relationship between the defendant, the forum, and the litigation." In re Chinese-Manufactured Drywall, 753 F.3d at 529. The Fifth Circuit mandates a three-step inquiry for an analysis of specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state, i.e., whether he purposely directed his activities toward the forum state or purposefully availed himself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. Monkton, 768 F.3d at 433.

If the plaintiff establishes the first two prongs, then the burden shifts to the defendant to show that the exercise of personal jurisdiction over it would not be fair or reasonable. Id. The

minimum contacts test is a fact-intensive inquiry, the touchstone of which is "whether the defendant's conduct shows that it 'reasonably anticipates being haled into court' [in the forum]." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009) (quoting Luv N' Care, 438 F.3d at 470). Specific jurisdiction cannot be established through random, fortuitous, or attenuated contacts, nor from the "unilateral activity of a third party or another person." McFadin, 587 F.3d at 759 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). In deciding whether a defendant purposefully availed itself of the privileges of conducting business in the forum state, for purposes of a breach of contract claim, the Fifth Circuit has considered the place where the contract was negotiated, the physical presence of the defendant in the forum, where contract performance is to take place, and any other contract clauses that show that the defendant should have reasonably anticipated being haled into court in the forum. See, e.g., Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007); Cent. Freight Lines Inc. v. APA Transp. Corp., 322 F.3d 376, 382 (5th Cir. 2003).

  Here, Defendant Jefferson lacks jurisdictional contacts with the state of Texas. He is a resident of the state of California. The contract that underlies the insurance issued in this case was signed in California, entered into by Jefferson in California, and covered Jefferson's activities as an Uber driver in San Francisco, California. The accident giving rise to the disability that mandated coverage by Plaintiff occurred in San Francisco, California. Initial medical treatment for the accident was in San Francisco.

  In fact, the only contact between the events in this case and Texas is that, for a period immediately following the accident, Jefferson convalesced at his mother's house in Texas due to the fact that she was able to assist him and care for him. This, standing alone, does not establish

sufficient "minimum contacts" to support a ruling that Jefferson should be subjected to the jurisdiction of Texas for litigation over the parties' rights and obligations under the insurance policy – which covered his activities in California.

His residence remains in California, and any action brought against him should be brought there.

## CONCLUSION

For all of the reasons set forth above, Defendant Delma Lamar Jefferson requests that this Court dismiss this action as against him under Federal Rules of Civil Procedure 12(b)(2), based on lack of personal jurisdiction.

Respectfully submitted,

**DELMA LAMAR JEFFERSON**, In Pro Per
5200 Quick Court
Elk Grove, CA 95757

_____
Delma Lamar Jefferson

## CERTIFICATE OF SERVICE

This will certify that on the 29th day of January December 2021, a copy of the attached document Motion was also sent via Email to the following recipient:

Brett A. Wallingford
Attorney for Plaintiff
bwallingford@zelle.com

					_____
					Steven I. Hochfelsen